United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRIDGETTE F.,

Plaintiff,

v.

SSA COMMISSIONER, et al.,

Defendants.

Case No. 25-cv-09938-KAW

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. Nos. 9, 10

Plaintiff seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, and the remand of this case for further proceedings. Pending before the Court is Plaintiff's motion for summary judgment and Defendant's cross-motion for summary judgment. Having considered the papers filed by the parties, and for the reasons set forth below, the Court GRANTS Plaintiff's motion for summary judgment, and DENIES Defendant's cross-motion for summary judgment.

## I. BACKGROUND

Plaintiff filed for Title XVI benefits on May 19, 2023. (Administrative Record ("AR") 217.) The Social Security Administration ("SSA") denied Plaintiff's application initially and on reconsideration. (AR 86, 101.) Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"); the hearings were held on January 16, 2025 and May 22, 2025. (AR 34, 67.) Following the hearing, the ALJ denied Plaintiff's application on June 16, 2025. (AR 17-29.) A request for review of the ALJ's decision was filed with the Appeals Council on August 15, 2025. (AR 211-212.) The Appeals Council denied Plaintiff's request for review on September 18, 2025. (AR 1.)

On November 19, 2025, Plaintiff commenced this action for judicial review pursuant to 42

United States District Court
Northern District of California

U.S.C. § 405(g). (Compl., Dkt. No. 1.) Plaintiff filed the motion for summary judgment on February 12, 2026. (Pl.'s Mot., Dkt. No. 9.) Defendant filed an opposition and cross-motion for summary judgment on March 4, 2026. (Def.'s Opp'n, Dkt. No. 10.) Plaintiff filed a reply on March 16, 2026. (Pl.'s Reply, Dkt. No. 11.)

## II. LEGAL STANDARD

A court may reverse the Commissioner's denial of disability benefits only when the Commissioner's findings are 1) based on legal error or 2) are not supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is "more than a mere scintilla but less than a preponderance"; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1098; *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the evidence as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Id.* "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

Under SSA regulations, disability claims are evaluated according to a five-step sequential evaluation. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998). At step one, the Commissioner determines whether a claimant is currently engaged in substantial gainful activity. *Id.* If so, the claimant is not disabled. 20 C.F.R. § 404.1520(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments," as defined in 20 C.F.R. § 404.1520(c). *Reddick*, 157 F.3d 715 at 721. If the answer is no, the claimant is not disabled. *Id.* If the answer is yes, the Commissioner proceeds to step three, and determines whether the impairment meets or equals a listed impairment under 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If this requirement is met, the claimant is disabled. *Reddick*, 157 F.3d 715 at 721.

If a claimant does not have a condition which meets or equals a listed impairment, the fourth step in the sequential evaluation process is to determine the claimant's residual functional

capacity ("RFC") or what work, if any, the claimant is capable of performing on a sustained basis, despite the claimant's impairment or impairments. 20 C.F.R. § 404.1520(e). If the claimant can perform such work, he is not disabled. 20 C.F.R. § 404.1520(f). RFC is the application of a legal standard to the medical facts concerning the claimant's physical capacity. 20 C.F.R. § 404.1545(a). If the claimant meets the burden of establishing an inability to perform prior work, the Commissioner must show, at step five, that the claimant can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d 715 at 721. The claimant bears the burden of proof at steps one through four. *Bustamante v. Massanari*, 262 F.3d 949, 953-954 (9th Cir. 2001). The burden shifts to the Commissioner at step five. *Id.* at 954.

## III. DISCUSSION

Plaintiff challenges the ALJ's decision on the following grounds: (1) the ALJ failed to properly evaluate Plaintiff's testimony, and (2) the ALJ failed to properly evaluate the opinions of the agency mental health consultants.

### A. Plaintiff's Testimony

Plaintiff argues that the ALJ erred by failing to provide clear and convincing reasons for rejecting Plaintiff's testimony. (Pl.'s Mot. at 2.) In the absence of affirmative evidence of malingering, the ALJ may reject a claimant's testimony by offering clear and convincing reasons for doing so. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).

"A finding that a claimant's testimony is not credible must be sufficiently specific to allow a reviewing claimant to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (internal quotation omitted). Thus, "[g]eneral findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (internal quotations omitted).

Here, the ALJ described some of Plaintiff's statements, followed by descriptions of part of the medical record. (AR 24-25.) The ALJ then stated that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (AR

25.) The ALJ proceeded to summarize the medical record but did not connect the medical record to Plaintiff's testimony or otherwise identify any inconsistencies with Plaintiff's testimony. (*See* AR 25-26.) Finally, the ALJ concluded: "Support for the claimant's assertions is weakened by the extent to which her assertions of impairment-related symptoms are inconsistent with the other evidence in the record." (AR 27.)

The Court finds error. The Ninth Circuit has found that an ALJ committed legal error where the ALJ "did not specifically identify any such inconsistencies" but instead "simply stated her non-credibility conclusion and then summarized the medical evidence supporting her RFC determination." *Brown-Hunter*, 806 F.3d at 494. In other words, while "the ALJ summarized a significant portion of the administrative record in support of her RFC determination, providing a summary of medical evidence in support of a [RFC] finding is not the same as providing clear and convincing *reasons* for finding the claimant's symptom testimony not credible." *Id.* Here, the ALJ described certain statements made by Plaintiff before describing part of the medical record but never connected the two.

In opposition, Defendant attempts to make connections that the ALJ did not. (Def.'s Opp'n at 1-2.) For example, Defendant argues that Plaintiff had stated in her function report that she had difficulties with memory, concentration, and completing tasks, but that treatment records showed Plaintiff had normal memory and intact concentration. (*Id.*) The problem, however, is that the ALJ *never* identified Plaintiff's statements or testimony regarding her difficulties with memory, concentration, and completing tasks, let alone connect that testimony to the medical record. The Court is not permitted to take a general finding regarding an unspecified conflict "and comb the administrative record to find specific conflicts." *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014). Rather, Ninth Circuit precedent makes clear that "[g]eneral findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints" by "point[ing] to *specific facts* in the record[.]" *Id.*

Accordingly, the Court finds that the ALJ erred in weighing Plaintiff's testimony.

**B. State Agency Mental Health Consultants**

Next, Plaintiff argues that the ALJ failed to properly evaluate the opinions of the agency

mental health consultants, Patricia Heldman, M.D. and Elizabeth Covey, Psy.D. (Pl.'s Mot. at 6.) Both Dr. Heldman and Dr. Covey opined that Plaintiff should be limited to performing simple 1 to 2 step tasks and have limited public contact. (*Id.*; *see* AR 98, 110.) The ALJ found that these opinions were not consistent with the unremarkable mental status examinations and found them "only partially persuasive" without identifying which part of the opinion was inconsistent. (AR 26.)

To the extent there is error, Plaintiff has failed to identify prejudicial error. Specifically, Plaintiff argues that the ALJ erred by omitting the simple 1 to 2 step task limitation, as the ALJ found Plaintiff was capable of performing simple work. (Pl.'s Mot. at 7.) Defendant, however, correctly points out that the Ninth Circuit has found that a restriction to simple 1 to 2 step tasks is consistent with a level one reasoning. (Def.'s Opp'n at 4 (citing *Rounds v. Comm'r SSA*, 807 F.3d 996, 1003 (9th Cir. 2015)).) Here, the ALJ identified level one reasoning jobs, including produce weigher (19,800 jobs) and transportation cleaner (55,700 jobs). Thus, even if the ALJ erred by not including a restriction to simple 1 to 2 step tasks, the ALJ still identified jobs that existed in significant numbers in the national economy that Plaintiff could perform with the addition of a restriction to simple 1 to 2 step tasks. *See Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014) (finding that 25,000 national jobs, while "a close call," constitutes a significant number), *cited with approval in White v. Kijakazi*, 44 F.4th 828, 837 (9th Cir. 2022); *Moncada v. Chater*, 60 F.3d 521, 524 (finding that 64,000 national jobs constitutes a significant number). Plaintiff does not respond to or otherwise refute this point in the reply.

Accordingly, the Court finds no prejudicial error as to the evaluation of Dr. Heldman's and Dr. Covey's opinions.

///

///

///

///

///

///

United States District Court
Northern District of California

## IV. CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff's motion for summary judgment and DENIES Defendant's cross-motion for summary judgment. Because it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence was properly evaluated, remand is appropriate. On remand, the ALJ must properly evaluate the evidence based on applicable law and consistent with this order.

IT IS SO ORDERED.

Dated: September 23, 2026

KANDIS A. WESTMORE
United States Magistrate Judge